William J. Regan, S.
A petition was filed by the Consul-General and Chief of the Consular Division of the Embassy of the Polish Peoples’ Republic, Washington, D. C., on behalf of Feliksa Malkowska, alleged widow of the above decedent, to' open and vacate a decree judicially settling the accounts of Walter Malkowski, administrator.
Decedent died on March 12, 1963. Walter Malkowski, a brother, was appointed administrator on May 9, 1963. His petition went into detail regarding the existence of Feliksa Mfilkowska, with expressions of doubt as to any marriage *99 between her and the decedent and with claims of abandonment in the event there was a marriage. The court imposed a $10,000 bond.
On August 17, 1964 the administrator filed his petition and account and prayed for a judicial settlement thereon. Again he explained in detail the situation with regard to Feliksa Malkowska, whose address was stated to be at a definite place in Poland. A citation was duly served upon her by publication. On October 5, 1964, testimony was taken before this court with regard to the accounting proceeding. A claim for moneys loaned by the administrator to the decedent was denied by the Surrogate. The administrator and two other witnesses testified fully regarding their information and knowledge concerning Feliksa Malkowska.
On October 9,1964, this court entered a decree which reiterated much of the above and further,
“ Ordered and Decreed that proof established no marriage ceremony was known to be performed between the decedent and the alleged widow, Feliksa Malkoski, and in any event her return to Poland about .1921 constituted an abandonment of the decedent if there had been a marriage and she is not therefore entitled to any distributive share, and it is further
“ Ordered and Decreed that Walter Malkoski pay and distribute the remainder of the estate to himself as the sole beneficiary.”
The petition before the court was filed here on August 12, 1965, about 10 months after the final decree was filed. Subdivision 6 of section 20 of the Surrogate’s Court Act gives the Surrogate power “ To open, vacate, modify, or set aside * # * a decree or order of his court; * * * or to grant a new trial or a new hearing for fraud, newly discovered evidence, clerical error or other sufficient cause.” Although petitioner alleges fraud it is the court’s opinion that the administrator did not attempt to conceal the facts within his knowledge and the two disinterested witnesses appeared candid and honest. As a matter of fact, the question of marriage and/or abandonment was pointedly raised by the administrator.
Nowhere in the petitioner’s statements, nor in an affidavit by the alleged widow, was there offered any explanation for the default in appearance on the judicial settlement proceeding. This is true although proper service of citation was made upon her. Section 80 of the Surrogate’s Court Act states: “ Every decree of a surrogate’s court is conclusive as to all matters embraced therein against every person of whom jurisdiction *100 was obtained.” Section 274 of the Surrogate’s Court Act contains similar language.
It is this court’s desire at all times to see that estates are brought to a definite termination and in the interest of certainty and finality will therefore deny petitioner’s prayer to set aside the decree heretofore issued.